E-FILED
Tuesday, 05 July, 2005  11:31:29 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| 2000 FORD EXCURSION, VIN #1FMNU43S9YEE15374, | ) No. 05-4036 |
| Respondent. | ) |

### ANSWER TO FORFEITURE COMPLAINT IN REM

Comes now Defendant, JOSE TOVAR, by and through his attorney of record, Jack A. Schwartz, and for his Answer to Forfeiture Complaint in Rem, states and alleges as follows:

1. Neither admit nor deny but demands strict proof thereof.

2. Admit.

3. Admit.

4. Admit.

5. Defendant's attorney neither admits nor denies the allegations contained in Paragraph 5 and demands strict proof thereof.

6. Admit.

7. Neither admit nor deny but demands strict proof thereof.

8. Admit.

9. Defendant's attorney admits in part and denies in part the allegations contained in Paragraph 9. Defendant's attorney admits that the vehicle in question was purchased in part with proceeds from the sale of cocaine. The remainder of the allegations are denied.

WHEREFORE, Defendant requests this Court enter an Order dismissing the Forfeiture Complaint in Rem, and ordering costs to be paid by Plaintiff.

### AFFIRMATIVE DEFENSE

As an affirmative defense to the Government's "Forfeiture Complaint in Rem", Defendant's

attorney would state the following:

1. Although the proceeds used to purchase said vehicle, at least in part, may be traceable to the exchange of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq., Defendant had released said vehicle to his attorney to pay the attorney fees associated with his defense.

2. During the course of Defendant's arrest, the Government seized cash and in kind assets of the Defendant they believe traceable to the exchange of controlled substances. The Defendant has been left without cash assets to pay for both of his attorneys of his choice.

3. The forfeiture of Defendant's vehicle threatens to cripple his ability to retain and maintain "counsel of choice". <u>U.S. vs. Michelle's Lounge</u>, 126 F.3d 1006 (7th Cir. 1997).

WHEREFORE, Defendant requests this Court enter an Order dismissing the Forfeiture Complaint in Rem, and ordering the captioned truck to be returned to Defendant's local counsel for payment of his attorney fees.

                                                                RESPECTFULLY SUBMITTED,
                                                                JOSE TOVAR, Defendant

                BY:    s:/Jack A. Schwartz/
                           Attorney for Respondent