E-FILED
Thursday, 02 March, 2006  01:24:45 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No: 05-4036 |
| | ) |
| 2000 FORD EXCURSION, | ) |
| VIN #1FMNU43S9YEE15374, | ) |
| | ) |
| Defendant. | ) |

### MOTION TO STRIKE ANSWER AND MOTION FOR ENTRY OF DEFAULT AGAINST CLAIMANT JOSE TOVAR, RAMONA GAYTON AND ALL OTHER UNKNOWN POTENTIAL CLAIMANTS

NOW COMES the United States of America, by Rodger A. Heaton, United States Attorney for the Central District of Illinois and Esteban F. Sanchez, Assistant United States Attorney and, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, requests that the Answer filed by Jose Tovar be stricken and dismissed and that this Court enter an Entry of Default against Jose Tovar, Ramona Gayton, and all other unknown potential claimants for any claims they may have to the defendant vehicle. In support of its Motion to Strike and Motion for Entry of Default, the government states as follows:

1. The United States filed a verified Complaint on April 28, 2005 seeking affirmative relief against the defendant vehicle.

2.  Pursuant to Order of this Court, a Notice of Action and Seizure (Publication #1) was published in the Moline Daily Dispatch, Moline, Illinois. The third and final publication was May 25, 2005.

3.  The Complaint and Summons were served upon Jose Tovar, through his attorney Jack Schwartz, on June 6, 2005, and Ramona Gayton on June 28, 2005.

4.  A Warrant in Rem was served upon the defendant vehicle on May 10, 2005.

5.  The government filed a Status Report on February 14, 2006 advising the Court that it was unsuccessful in serving the Summons and Complaint on potential claimant, Alfredo Tovar and requested that the Court allow it to publish a second Notice of Action and Seizure in the Moline Daily Dispatch, specifically addressed to Alfredo Tovar (Publication #2). The Court granted the government's request on February 15, 2006, and the government mailed the second Notice of Action and Seizure (Publication #2) to the Moline Daily Dispatch for publication on February 21, 2006. Since the government is still awaiting publication of the second Notice of Action and Seizure (Publication #2), it is not seeking an Entry of Default against Alfredo Tovar at this time.

6.  Jose Tovar filed an Answer and Affirmative Defenses to the defendant vehicle on July 5, 2005 but has failed to file the required Claim, and the time for him to do so has expired.

7.  No other potential claimants, including Ramona Gayton, have filed a Claim or an Answer seeking to defend the defendant vehicle.

8.      More than 30 days have passed since the service of process on potential claimants.

9.      More than 30 days have passed since the Notice of Action and Seizure (Publication #1) was published, and no one has filed a claim to the defendant and the time within which to do so has expired.

### MOTION TO STRIKE ANSWER OF CLAIMANT, JOSE TOVAR

10.      Forfeiture proceedings, like the present one, are governed, in part, by the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, 21 U.S.C. § 881(b).  Rule C(6)(a)(i)(A) of the Supplemental Rules of Certain Admiralty and  Maritime Claims of the Federal Rules of Civil Procedures states that a person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right with 30 days after (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4).

11.      A claimant seeking to defend the property, that is subject to a civil judicial forfeiture action in rem, must file within 30 days after process of service, a verified claim stating their interest in the property by virtue of which the claimant demands restitution to the property and the right to defend the action.  *United States v. United States Currency in the amount of $2,857.00*, 754 F.2d 208, 212-13 (7th Cir 1984).

Once the procedural requirements of the rules (18 U.S.C. § 983(a)(4)(A) and Supplemental Rule C(6 )(a)(i)(A)) are met, a claimant has standing to defend the

forfeiture. *United States v. United States Currency in the amount of $2,857.00,* 754 F.2d 213 (7th Cir. 1985). A claimant must demonstrate a legitimate interest in the property by filing a verified claim before filing an answer to the complaint. A verified claim forces the claimant to place himself at risk of perjury for false claims and the requirement of oath or affirmation if not a mere technical requirement that the court may easily excuse. *United States v. Commodity Account No. 549 54930 at Saul Stone & Company*, 219 F.3d 595, 597-98 (7th Cir. 2000). Strict compliance with the rules relating to the filing of a proper and timely verified claim to establish standing is required. *United States v. Commodity Account No. 549 54930 at Saul Stone & Company*, 219 F.3d at 598. *See also United States v. $68,000.00 in United States Currency,* 1995 WL 871218 (E.D. Mich.); *United States v. $38,570.00 United States Currency*, 950 F.2d 1114, *citing United States v. U.S. Currency totalling $3,817.49*, 826 F.2d 785, 786-87( 8th Cir. 1987); *United States v. One 1978 Piper Navajo PA-31, Aircraft*, 748 F.2d at 319 (5th Cir. 1984); 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule C(6)(a)(i)(A).

12.    Since Jose Tovar has failed to file the required Claim to the defendant vehicle, and has not adhered to Rule C(6)(a)(i)(A), he, therefore, lacks the statutory standing to contest this forfeiture. Therefore, the Answer filed by Claimant Tovar should be stricken, and an Entry of Default should be entered against Jose Tovar, Ramona Gayton, as well as other unknown potential claimants.

WHEREFORE, the United States of America prays that this Court strike the Answer filed by Jose Tovar, and enter an Entry of Default against Jose Tovar, Ramona Gayton and all other unknown potential claimants as a result of Publication #1.

Respectfully submitted,

RODGER A. HEATON
UNITED STATES ATTORNEY

By:  s/Esteban F. Sanchez
Esteban F. Sanchez
Assistant United States Attorney
Illinois Bar No. 3123604
318 South 6th Street
Springfield, IL 62701
Telephone: (217) 492-4450
esteban.sanchez@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 2, 2006, I mailed the foregoing by United States Postal Service to the following non-CM/ECF participants:

Jack Schwartz
Attorney at Law
1800 Third Avenue, Suite 211
Rock Island, IL 61201


                                      s/Esteban F. Sanchez
                                      Esteban F. Sanchez
                                      Assistant United States Attorney
                                      318 South Sixth Street
                                      Springfield, IL 62701
                                      (217) 492-4450
                                      Fax: (217) 492-4512
                                      esteban.sanchez@usdoj.gov