**E-FILED**
Wednesday, 08 March, 2006  04:42:24 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  05-4036 |
| | ) | |
| 2000 FORD EXCURSION, | ) | |
| VIN # 1FMNU43S9YEE15374, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

This matter is now before the Court on the Government's Motions to Strike Answer and for Default Judgment Against Jose Tovar, Ramona Gayton, and All Other Unknown Potential Claimants.  For the reasons set forth below, the Motion to Strike Answer [#15] is GRANTED, and the Motion for Default [#15] is also GRANTED.

## DISCUSSION

Forfeiture proceedings are governed, in part, by 21 U.S.C. § 881(b), the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.  Pursuant to Rule C(6)(a)(i)(A) of the Supplemental Rules:

> [A] person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right . . . within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4).

The verified claim states the claimant's interest in the property, by virtue of which the claimant demands restitution and the right to defend the action.  United States v. United States Currency in the amount of $2,857.00, 754 F.2d 208, 212-13 (7th Cir. 1984).  If the procedural requirements of Rule C(6)(a)(i)(A) are not met, the claimant lacks standing to

defend and contest the forfeiture.  Id.; United States v Commodity Account No. 549 54930 at Saul Stone & Company, 219 F.3d 595, 598 (7th Cir. 2000) (noting that strict compliance with the rules is required to establish standing).

Here, the Complaint and Summons were served upon the following: (1) Jose Tovar ("Tovar") on June 6, 2005; and (2) Ramona Gayton ("Gayton") on June 28, 2005.  The Government is still in the process of serving another potential claimant, Alfredo Tovar, through publication at this time, and any interest that he may have is not at issue in this Order.  Although Tovar filed an Answer and Affirmative Defenses on July 5, 2005, he failed to file the required verified claim as required by Rule C(1)(a)(i)(A), and the time for doing so has long since expired.  Gayton has made no attempt to file either a Claim or an Answer.

As Tovar failed to comply with the requirements of Rule C(1)(a)(i)(A), he lacks standing to defend the present forfeiture and his Answer is invalid.  Accordingly, the Government's Motion to Strike Answer [#15] is GRANTED, and Jose Tovar's Answer [#9] is STRICKEN.  Additionally, as neither Jose Tovar nor Gayton have properly complied with the strict procedural prerequisites to establish their standing to defend this forfeiture action, they are hereby found to be in default.  The Government's Motion for Default [#15] is GRANTED as to Jose Tovar and Gayton, and the Government shall file an appropriate Motion for Default Judgment against them once the claim of Alfredo Tovar has been resolved.

ENTERED this 7th day of March, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge