IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No: 05-4036 |
| ) | |
| 2000 FORD EXCURSION, ) | |
| VIN #1FMNU43S9YEE15374, ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR DEFAULT JUDGMENT AGAINST
JOSE TOVAR, RAMONA GAYTON, ALFREDO TOVAR, AND ALL OTHER
KNOWN AND UNKNOWN POTENTIAL CLAIMANTS**

NOW COMES the United States of America, by and through its attorneys, Rodger A. Heaton, United States Attorney, and Elizabeth L. Collins, Assistant United States Attorney, and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure moves for Default Judgment and states as follows:

1.     The United States filed a verified Complaint on April 28, 2005 seeking affirmative relief against the defendant vehicle.

2.     Pursuant to Order of this Court, two Notices of Action and Seizure were published in the Moline Daily Dispatch, Moline, Illinois. The first was published in May of 2005 and the second was published in February/March of 2006. The February/March 2006 publication was specifically addressed to Alfredo Tovar. (See docket)

3.     The Complaint and Summons were served upon Jose Tovar, through his attorney Jack Schwartz, on June 6, 2005, and Ramona Gayton on June 28, 2005.

4. A Warrant in Rem was served upon the defendant vehicle on May 10, 2005.

5. Jose Tovar filed an Answer and Affirmative Defenses to the defendant vehicle on July 5, 2005.

6. On March 2, 2006, the United States filed a Motion to Strike the Answer filed by Jose Tovar and the Court granted the Motion on March 7, 2006.

7. No other potential claimants, including Ramona Gayton, Jose Tovar or Alfredo Tovar, have filed a Claim seeking to defend the defendant vehicle.

8. More than 30 days have passed since the service of process on potential claimants.

9. More than 30 days have passed since Notices of Action and Seizure were published (Publication #1 and #2), and no one has filed a claim to the defendant and the time within which to do so has expired.

10. On March 7, 2006, the Honorable Michael M. Mihm entered an Entry of Default against Jose Tovar and Ramona Gayton.

11. On April 17, 2006, Honorable Michael M. Mihm entered a text order finding Alfredo Tovar and all other unknown potential claimants in default.

12. Based on the government's verified forfeiture complaint, there is probable cause to believe that the defendant is subject to forfeiture to the United States because said defendant represents proceeds traceable to money furnished in exchange of a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. §801, et seq., and is therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

13. To the best of the government's knowledge and belief, the potential claimants are not infants nor incompetent persons and are not in the military service within the purview of the Soldiers and Sailors Civil Relief Act of 1940 as amended. An affidavit in support of this belief is attached hereto.

WHEREFORE, the United States of America respectfully requests that this Court enter default judgment in this cause against the defendant and all other potential claimants and order the forfeiture of the defendant to the United States of America for disposition according to law.

          Respectfully submitted,

          RODGER A. HEATON
          UNITED STATES ATTORNEY

By:    s/Elizabeth L. Collins
        Elizabeth L. Collins - Illinois Bar No: 487864
        Assistant United States Attorneys
        318 South 6th Street
        Springfield, IL 62701
        Telephone: (217) 492-4450
        beth.collins@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No: 05-4036 |
| | ) | |
| 2000 FORD EXCURSION, | ) | |
| VIN #1FMNU43S9YEE15374, | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT FOR DEFAULT JUDGMENT**

| | |
|---|---|
| State of Illinois | ) |
| | ) SS. |
| County of Sangamon | ) |

Elizabeth L. Collins, being first duly sworn, deposes and states that:

1. The United States filed a verified Complaint on April 28, 2005 seeking affirmative relief against the defendant vehicle.

2. Pursuant to Order of this Court, two Notices of Action and Seizure were published in the Moline Daily Dispatch, Moline, Illinois. The first was published in May of 2005 and the second was published in February/March of 2006. The February/March 2006 publication was specifically addressed to Alfredo Tovar. (See docket)

3. The Complaint and Summons were served upon Jose Tovar, through his attorney Jack Schwartz, on June 6, 2005, and Ramona Gayton on June 28, 2005.

4. A Warrant in Rem was served upon the defendant vehicle on May 10, 2005.

5. Jose Tovar filed an Answer and Affirmative Defenses to the defendant vehicle on July 5, 2005.

6. On March 2, 2006, the United States filed a Motion to Strike the Answer filed by Jose Tovar and the Court granted the Motion on March 7, 2006.

7. No other potential claimants, including Ramona Gayton, Jose Tovar or Alfredo Tovar, have filed a Claim seeking to defend the defendant vehicle.

8. More than 30 days have passed since the service of process on potential claimants.

9. More than 30 days have passed since Notices of Action and Seizure were published (Publication #1 and #2), and no one has filed a claim to the defendant and the time within which to do so has expired.

10. On March 7, 2006, the Honorable Michael M. Mihm entered an Entry of Default against Jose Tovar and Ramona Gayton.

11. On April 17, 2006, Honorable Michael M. Mihm entered a text order finding Alfredo Tovar and all other unknown potential claimants in default.

12. To the best of my knowledge and belief, the potential claimants are not infants nor incompetent persons and are not in the military service within the purview of the Soldiers and Sailors Civil Relief Act of 1940 as amended.

13. This Affidavit is made in compliance with Rule 55(a) and (b) of the Federal Rules of Civil Procedure for the purpose of requesting the Court to enter default and judgment against the defendants as prayed for in plaintiff's motion.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

                                              RODGER A. HEATON
                                              UNITED STATES ATTORNEY

Dated: 4/25/06                 By:     s/Elizabeth L. Collins
                                                  Elizabeth L. Collins - Illinois Bar No: 487864
                                                  Assistant United States Attorneys
                                                  318 South 6th Street
                                                  Springfield, IL 62701
                                                  Telephone: (217) 492-4450
                                                  beth.collins@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on April 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that I mailed the following by U.S. Mail to:

Jack Schwartz
Attorney at Law
1800 Third Avenue, Suite 211
Rock Island, IL 61201

                                      s/Elizabeth L. Collins
                                      Elizabeth L. Collins - Illinois Bar No: 487864
                                      Assistant United States Attorneys
                                      318 South 6th Street
                                      Springfield, IL 62701
                                      Telephone: (217) 492-4450
                                      beth.collins@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No: 05-4036 |
| ) | |
| 2000 FORD EXCURSION, ) | |
| VIN #1FMNU43S9YEE15374, ) | |
| ) | |
| Defendant. ) | |

**<u>DEFAULT JUDGMENT</u>**

WHEREAS, the United States of America, Plaintiff, has moved this Court for the entry of a final judgment by default pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, against Jose Tovar, Ramona Gayton, Alfredo Tovar, and all potential claimants, known and unknown, and for the forfeiture of the defendant; and

WHEREAS, the United States of America has shown that there is probable cause to believe that the defendant is subject to forfeiture, pursuant to 21 U.S.C. § 881(a)(6), to the United States because said defendant constitutes proceeds traceable to money furnished in exchange for a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq., or is therefore, subject to forfeiture to the United States of America.

WHEREAS, Jose Tovar, Ramona Gayton, Alfredo Tovar, and all potential claimants, known and unknown, having received notice by publication of the pendency of this action, have failed to file a claim and answer to defend the defendant; and

WHEREAS, Jose Tovar, Ramona Gayton, Alfredo Tovar and the potential claimants, known or unknown, are not infants or incompetent persons and are not in the military within the purview of the Soldiers and Sailors Civil Relief Act of 1940, as amended; and

WHEREAS, on March 7, 2006, the Honorable Michael M. Mihm entered an Entry of Default against Jose Tovar and Ramona Gayton.

WHEREAS, on April 17, 2006, the Honorable Michael M. Mihm entered a text order finding Alfredo Tovar and all other unknown potential claimants in default.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. That a judgment of default is hereby entered against Jose Tovar, Ramona Gayton, Alfredo Tovar, all potential claimants, known and unknown, and against the defendant.

2. The defendant is hereby forfeited to the United States of America and no other right, title or interest shall exist therein.

3. The defendant is to be disposed by the United States Marshal Service in accordance with law.

IT IS SO ORDERED this _____ day of _____, 2006.

_____
Judge